43

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Branden Trapp                           **Case No.**
*Plaintiff*
                                        222-12684

**v.**                                  **Jury Trial:** ___ Yes   **X**   NO

Arbor Professional Solutions, Inc.      Hon. Mark A. Goldsmith
*Defendant(s)*                          Magistrate Judge: Curtis Ivy, Jr

## <u>**Amended Complaint**</u>

**COME NOW,** the Plaintiff, Branden Trapp, the natural living man, giving Judicial Notice, that the Defendant, Arbor Professional Solutions, Inc has violated the Fair Debt Collection Practices Act 15 U.S.C § 1692 et seq.; the Michigan Occupational Code 339.915 (q); and the Michigan Collection Practices Act 445.252 (e), (q), causing the Plaintiff an injury.

I.      **The Parties to This Complaint**

   A.      **The Plaintiff:**

      Branden Trapp
      12235 Wilshire Dr.
      Detroit, Wayne
      Michigan, 48213
      (813) 720 – 1672

   B.      **The Defendant:**

      Arbor Professional Solutions, Inc.

      **Defendant attorneys:**

FILED USDC - CLRK DET
2023 JAN 17 AM 11:25

Steven T. Buquicchio (P62076)
Jeffrey D. Koelzer (P78602)

P.O. Box 352
Grand Rapids, MI 49501 – 0352
(616) 336-6491
stbbuquicchio@varnumlaw.com
jdkoelzer@varnumlaw.com

## II.   Basis for Jurisdiction

__X__  Federal question

### A. If the Basis for Jurisdiction Is a Federal Question

This is an action for damages, brought against the Defendant for violating the Fair
Debt Collection Practices Act ("FDCPA"), the Michigan Occupational Code, and
the Michigan Collection Practices Act ("MCPA").

## III.   Statement of Claim

Plaintiff, proceeding pro pre brings this complaint against Defendant for
the attempt to collect an alleged debt of $685.00, and alleges the
following:

1. Plaintiff is without knowledge of the alleged debt Defendant claimed
   owed.

2. Plaintiff never did business with Defendant nor gave Defendant
   authorization to communicate with him regarding an alleged debt.

3. Plaintiff and Defendant have no legal agreement or contract (binding nor
   a meeting of the minds).

4. Defendant assumed the alleged debt was valid.

5. On or around 08/25/2022 Plaintiff received a dunning notice invading his
   privacy from Defendant, by communication of the mail, without having
   prior direct consent from Plaintiff. Defendant failed to provide proper
   disclosures that allow Plaintiff the right to dispute the alleged debt, dated

08/25/2021 (see, attachment labeled "Exhibit A"). Plaintiff is without specific knowledge and evidence that supports Defendant's claim for the alleged debt owed to Defendant.

6. On 08/26/2022 in response to the Defendant dunning letter, Plaintiff served upon the Defendant a "Notice of Statement of Facts", by the Consumer Financial Protection Bureau "CFPB" complaint informing the Defendant of the laws that are being violated upon Plaintiff (see attachment label "Exhibit B").

7. On 09/07/2022, Plaintiff received a response from Defendant that contained a "copy" of an itemized statement from another organization, that contained his personal and private information. (see, attachment labeled "Exhibit C"). The proffered documents fail to prove the existence of the alleged debt owed to Defendant.

8. On 09/07/2022, in response to Defendant's response, Plaintiff served upon Defendant a CFPB complaint informing Defendant that the response received was a default; Plaintiff called Defendant twice to ask questions regarding the allegations and Defendant ended the call after being aware the call was being recorded (see, attachment labeled "Exhibit D").

9. On 09/21/2022, Plaintiff received documentation from Defendant that proves the alleged debt owed to Defendant was insufficient; Defendant admits that permission was given from the "creditor" to take action that cannot lawfully be taken by the defendant while using obscene language to abuse Plaintiff (see attachment labeled "Exhibit E").

10. On 10/17/2022, Plaintiff served a response, to Defendant's prior response by CFPB complaint demanding Defendant to "cease alleged debt collection Immediately" (see attachment labeled "Exhibit F").

11. On 10/25/2022, Plaintiff received a response from Defendant stating the alleged debt is marked as disputed and communication has been ceased, in addition, Defendant continues attempting to collect alleged and threaten litigations (see attachment labeled "Exhibit G").

12. On 10/26/2022, Plaintiff served upon Defendant a "Notice letter of Intent to sue" that included:

    a. Affidavit of Facts;
    b. Unfiled U.S District Court Complaint;
    c. Invoice; and
    d. Seven (7) exhibits (see attachments labeled "Exhibit H").

13. Plaintiff suffers mental anguish anxiety and depression because of Defendant's actions. (see attachment labeled "Exhibit I").

## COUNT 1 PRAYER FOR RELIEF – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

14. The Plaintiff re-allege 1- 13

15. Congress makes it clear, under 15 U.S.C 1692 (a), "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors; abusive debt collection practices contribute to the invasion of individual privacy."

16. The defendant, at all relevant times in the ordinary course of business, regularly engages in the practice of collecting debts on behalf of other entities.

17. The defendant is a "debt collector, " under 15 U.S.C 1692a (6).

18. The Plaintiff is a "consumer", under 15 U.S.C 1692a (3)

19. The defendant violates 15 U.S.C 1692b (2) for stating that Plaintiff owes an alleged debt that was never validated.

20. The defendant violates 15 U.S.C 1692b (5) for using language and a symbol in the contents of the communication to the Plaintiff affected by the mail.

21. The defendant violates 15 U.S.C 1692c (a) for communicating with Plaintiff regarding an alleged debt by mail, without prior consent given directly from Plaintiff or express permission from a court of competent jurisdiction.

22. The defendant violates 15 U.S.C 1692d (2) for engaging in the conduct to abuse Plaintiff by using obscene language in their attempt of collecting an alleged debt.

23. The defendant violates 15 U.S.C 1692e (2) (A) for using false, deceptive, and misleading representation in connection with the collection of attempting to collect an alleged debt that reflects a positive balance.

24. The defendant violates 15 U.S.C 1692e (10) for using false and deceptive means by attempting to collect an alleged debt.

25. The defendant violates 15 U.S.C 1692f (1) for using unfair means in an attempt to collect an alleged debt without the expressed authorization of an agreement creating the debt or permitted by law.

26. The defendant violates 15 U.S.C 1692g **(a)**, Defendant fails to send Plaintiff a notice that gives him the right to dispute the alleged debt.

27. The defendant violates 15 U.S.C 1692j for designing an unlawful form knowing that such form would be used to create the false belief in the Plaintiff, that a person other than the creditor is participating in attempting to collect a debt that the Plaintiff allegedly owes such creditor, when in fact a such person is not so participating.

28. The defendant violates 15 U.S.C 1692k for failure to comply with the provisions of the FDCPA and that failure caused the Plaintiff actual damage of mental anguish.

29. The above-detailed conduct by Defendant has more to do with their deceptive and illegal activities in their attempt to collect the alleged debt, as opposed to determining the legitimacy of their alleged debt. The FDCPA related to the Defendant even if they were collecting a legitimate debt. The defendant is not a creditor, neither did Defendant provide any credit to Plaintiff. Notwithstanding Defendant is a "debt collector" under 15 U.S.C § 1692a (6). Plaintiff alleged the FDCPA states in part;

> "The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any

business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

**Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.**

30. Plaintiff, therefore, seeks damages because of the Defendants act.

31. These violations of the FDCPA were willful.

WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT grants his damages, plus costs, and fees as provided by the FDCPA.

## COUNT 2 PRAYER FOR RELIEF – VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

32. Plaintiff re-allege 1-31.

33. The defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC") MCL 339.901 (b).

34. The Plaintiff is a "debtor" as that term is defined at MCL 339.901 (f).

35. The Defendants foregoing act in attempting to collect an alleged debt violated the following provision of the MOC:

   a. MCL 339.915 (q) for failure to implement a procedure designed to prevent a violation by an employee.

36. Plaintiff has suffered damages because of the violation of the MOC.

37. The violation of the MOC was willful.

WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT grants his damages, plus cost, and fees as provided by the MOC.

## COUNT 3 PRAYER FOR RELIEF – VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT

38. The Plaintiff re-allege 1-37

39. The Defendant is a "regulated person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL 445.251 (g).

40. Plaintiff is a "consumer" as that term is defined in MCL 445.251 (d).

41. The Defendants foregoing act in attempting to collect an alleged debt violated the following provisions of the MCPA:

    a. MCL 445.252 (e) for making an inaccurate, misleading, untrue, and deceptive statement in the communication to collect a debt.

    b. MCL 445.252 (q) for failure to implement a procedure designed to prevent a violation by an employee.

42. Plaintiff has suffered damages because of these violations of the MCPA.

43. These violations of the MCPA were willful.

WHEREFORE, THE PLAINTIFF PRAYS THIS COURT grants his damages, plus cost, and fees as provided by the MCPA.


## IV.    DEMAND FOR JUDGMENT RELIEF

44. Accordingly, Plaintiff prays that this honorable court grants him the following relief against Defendant:

Payment in the amount of One Hundred Thousand Dollars ($100,000) for actual damage; Statutory damage, cost, and fees determined by the court for the failure to comply with the provision of the FDCPA, MOC, and MCPA.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous arguments for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    01/17/2023            , 20 23 .

Signature of Plaintiff

Printed Name of Plaintiff    Branden Trapp

Branden Trapp
12235 Wilshire Dr.
Detroit, MI 48213
(813) 720-1672
Branden.trapp@gmail.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

BETWEEN:

Branden Trapp

**Plaintiff**

-and-

Arbor Professional Solutions, Inc.

**Defendant**

# <u>AFFIDAVIT of TRUTH and FACTS</u>

I, Branden Trapp, of Wayne County, Detroit, Michigan, make an oath and say that:

1. As a natural living man, I am providing this sworn statement for your consideration, and I would like for Defendant to please consider these facts to be truthful and valid.

2. My first and last name is and ONLY is Branden Trapp.

3. My street number and street name is and ONLY is 12235 Wilshire Drive.

4. Plaintiff never did business with Defendant nor gave Defendant authorization to communicate with him regarding an alleged debt.

5. Plaintiff and Defendant have no legal agreement or contract (binding nor a meeting of the minds).

6. Defendant assumed the alleged debt was valid.

7. On or around 08/25/2022 Plaintiff received a dunning notice invading his privacy from Defendant, by communication of the mail, without having prior direct consent from Plaintiff. Defendant failed to provide proper disclosures that allow Plaintiff the right to dispute the alleged debt, dated 08/25/2021 (see, attachment labeled "Exhibit A"). Plaintiff is without specific knowledge and evidence that supports Defendant's claim for the alleged debt owed to Defendant.

8. On 08/26/2022 in response to the Defendant dunning letter, Plaintiff served upon the Defendant a "Notice of Statement of Facts", by the Consumer Financial Protection Bureau "CFPB" complaint informing the Defendant of the laws that are being violated upon Plaintiff (see attachment label "Exhibit B").

9. On 09/07/2022, Plaintiff received a response from Defendant that contained a "copy" of an itemized statement from another organization, that contained his personal and private information. (see, attachment labeled "Exhibit C"). The proffered documents fail to prove the existence of the alleged debt owed to Defendant.

10. On 09/07/2022, in response to Defendant's response, Plaintiff served upon Defendant a CFPB complaint informing Defendant that the response received was a default; Plaintiff called Defendant twice to ask questions regarding the allegations and Defendant ended the call after being aware the call was being recorded (see, attachment labeled "Exhibit D").

11. On 09/21/2022, Plaintiff received documentation from Defendant that proves the alleged debt owed to Defendant was insufficient; Defendant admits that permission was given from the "creditor" to take action that cannot lawfully be taken by the defendant while using obscene language to abuse Plaintiff (see attachment labeled "Exhibit E").

12. On 10/17/2022, Plaintiff served a response, to Defendant's prior response by CFPB complaint demanding Defendant to "cease alleged debt collection Immediately" (see attachment labeled "Exhibit F").

13. On 10/25/2022, Plaintiff received a response from Defendant stating the alleged debt is marked as disputed and communication has been ceased, in addition, Defendant continues attempting to collect alleged and threaten litigations (see attachment labeled "Exhibit G").

14. On 10/26/2022, Plaintiff served upon Defendant a "Notice letter of Intent to sue" that included:

    a. Affidavit of Facts;
    b. Unfiled U.S District Court Complaint;
    c. Invoice; and
    d. Seven (7) exhibits (see attachments labeled "Exhibit H").

15. Plaintiff suffers mental anguish anxiety and depression because of Defendant's actions. (see attachment labeled "Exhibit I").

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

Trapp
Page 2 of 6
Case no. 222-12684

16. Congress makes it clear, under 15 U.S.C 1692 (a), "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors; abusive debt collection practices contribute to the invasion of individual privacy."

17. The defendant, at all relevant times, is in the ordinary course of business, and regularly collects debts on behalf of other entities.

18. The defendant is a "debt collector", under 15 U.S.C 1692a (6).

19. The Plaintiff is a "consumer", under 15 U.S.C 1692a (3)

20. The defendant violates 15 U.S.C 1692b (2) for stating that Plaintiff owes an alleged debt that was never validated.

21. The defendant violates 15 U.S.C 1692b (5) for using language and a symbol in the contents of the communication to the Plaintiff affected by the mail.

22. The defendant violates 15 U.S.C 1692c (a) for communicating with Plaintiff regarding an alleged debt by mail, without prior consent given directly from Plaintiff or express permission from a court of competent jurisdiction.

23. The defendant violates 15 U.S.C 1692d (2) for engaging in the conduct to abuse Plaintiff by using obscene language in their attempt of collecting an alleged debt.

24. The defendant violates 15 U.S.C 1692e (2) (A) for using false, deceptive, and misleading representation in connection with the collection of attempting to collect an alleged debt that reflects a positive balance.

25. The defendant violates 15 U.S.C 1692e (10) for using false and deceptive means by attempting to collect an alleged debt.

26. The defendant violates 15 U.S.C 1692f (1) for using unfair means by attempting to collect an alleged debt without the expressed authorization of an agreement creating the debt or permitted by law.

27. The defendant violates 15 U.S.C 1692g **(a)** by failing to send Plaintiff a notice that gives him the right to dispute the alleged debt.

28. The defendant violates 15 U.S.C 1692j for designing an unlawful form knowing that such form would be used to create the false belief in the Plaintiff, that a person other than the creditor is participating in attempting to collect a debt that the Plaintiff allegedly owes such creditor, when in fact a such person is not so participating.

Trapp
page 3 of 6
Case no. 222-12684

29.  The defendant violates 15 U.S.C 1692k for failure to comply with the provisions of the FDCPA and that failure caused the Plaintiff actual damage of mental anguish.

30.  Defendant conduct has more to do with their deceptive and illegal activities in their attempt to collect the alleged debt, as opposed to determining the legitimacy of their alleged debt. The FDCPA related to the Defendant even if they were collecting a legitimate debt. The defendant is not a creditor, neither did Defendant provide any credit to Plaintiff. Notwithstanding Defendant is a "debt collector" under 15 U.S.C § 1692a (6). Plaintiff alleged the FDCPA states in part;

> "The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

**Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.**

31. Plaintiff has suffered damages because of the violations of the FDCPA.

32.  These violations of the FDCPA were willful.

## VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

33.  The defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC") MCL 339.901 (b).

34. The Plaintiff is a "debtor" as that term is defined at MCL 339.901 (f).

35.  The Defendants foregoing act in attempting to collect an alleged debt violated the following provision of the MOC:

    a.  MCL 339.915 (q) for failure to implement a procedure designed to prevent a violation by an employee.

36.  Plaintiff has suffered damages because of the violation of the MOC.

37.  The violation of the MOC was willful.

## VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT

*Trapp*
*page 4 of 6*
*Case no. 222-12684*

38. The Defendant is a "regulated person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL 445.251 (g).

39. Plaintiff is a "consumer" as that term is defined in MCL 445.251 (d).

40. The Defendants foregoing act in attempting to collect an alleged debt violated the following provisions of the MCPA:

    a. MCL 445.252 (e) for making an inaccurate, misleading, untrue, and deceptive statement in the communication to collect a debt.

    b. MCL 445.252 (q) for failure to implement a procedure designed to prevent a violation by an employee.

41. Plaintiff has suffered damages because of these violations of the MCPA.

42. These violations of the MCPA were willful.

43. The CFPB has authenticated sworn testimony from my end which is used in the attached Exhibits for proof in court as evidence of my trying to rectify the subterfuge the Defendant attempted to collect.

44. Plaintiff has not received confirmation nor certified testimony that Defendant complied with the FDCPA, MOC, and/or MCPA and all its mandated rules when it comes to debt collection. Therefore, Defendant is to present to Plaintiff a certificate in testimony that the alleged debt presented in Exhibit A is compliant and not subterfuge.

Thank You,

       I swear to all information provided herein, I do so under the penalty of perjury that the information I so affirm to be true, correct, and accurate to the best of my ability and knowledge, so be it;

**ACKNOWLEDGMENT:** A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

On __1-16-2023__ , before me, **Branden Trapp** personally appeared, and they proved to me based on satisfactory evidence to be the person whose name is/are subscribed to the within the instrument and acknowledged to me that he executed the same in his authorized capacity and that by his signature on the instrument the person upon behalf of which the person acted, executed the instrument. I certify under PENALTY OF PERJURY the authenticity of the document and signature and that the foregoing paragraph is true and correct.

*Trapp*
*pages 5 of 6*
*Case no. 222-12684*

which the person acted, executed the instrument. I certify under PENALTY OF PERJURY to the authenticity of the document and signature and that the foregoing paragraph is true and correct.

Notary Name: _Wayne Watson, II_____

Notary Signature: _Wayne Watson II_____

Notary Seal:

WAYNE WATSON II
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF WAYNE
My Commission Expires MAY 14, 2027
Acting in the County of _Wayne_

Date: 1/16/2023

By: Branden Trapp

12235 Wilshire Dr
Detroit, MI 48213
(813) 720-1672
Branden.trapp@gmail.com

Trapp
page 6 of 6
Case no. 222-12684

**Case no. 222 – 12684**
**Hon. Mark A. Goldsmith**
**Magistrate Judge: Curtis Ivy, Jr.**

**<u>EXHIBIT A</u>**

**Attached is proof of the dunning letter.**

2090 S. Main St
Ann Arbor, MI 48103-5827

| VISA | MasterCard | Discover | American Express® |

CARD NUMBER | CVC CODE (on back of card)

SIGNATURE | EXP. DATE

August 25, 2021

| ARBOR ACCOUNT NUMBER 210620770 | STATEMENT DATE August 25, 2021 |
| BALANCE DUE | $685.00 | AMOUNT PAID | $ |

▼ MAKE CHECKS PAYABLE TO: ▼

Branden L Trapp
12235 Wilshire Dr
Detroit, MI 48213-1771

Arbor Professional Solutions
2090 S. Main St
Ann Arbor, MI 48103-5827

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

***Detach Upper Portion And Return With Payment***

### Past Due Balance

| Creditor Name | Creditor Account Number | Date of Service | Balance Due |
| TROY'S TOWING, INC | 55713 | 11/22/20 | $685.00 |
| | | Total Balance Due | **$685.00** |

8291

From: Arbor Professional Solutions

**Contact our office at once!**

Let's work toward a friendly solution!

Telephone: (800) 741-6955

Telephone hours are Eastern Standard Time:
    8:30 AM - 5:00 PM Mon. - Thur.
    8:00 AM - 4:00 PM Fri.
    8:30 AM - Noon 3rd Saturday of the Month

This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

**Easily pay with your Check, Visa, MasterCard, Discover, or American Express**
**by phone (800) 741-6955 or online at payarbor.com**





MEMBER
ACA
INTERNATIONAL
The Association of Credit
and Collection Professionals

Arbor Professional Solutions ♦ 2090 S. Main St ♦ Ann Arbor, MI 48103-5827 ♦ (800) 741-6955

ARPS / LTL02 / 908001357767 / 73 / 0000073 / Page 1 of 1

**Case no. 222 – 12684**
**Hon. Mark A. Goldsmith**
**Magistrate Judge: Curtis Ivy, Jr.**

## **EXHIBIT B**

**Attached is proof of the Notice of Statement of Facts, that was sent to the Defendant.**

 An official website of the United States Government

 Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)

**Start a new complaint**

‹ All complaints (.)

# 220826-9297368

**CLOSED**

 ## Submitted

**STATUS**

Submitted to the CFPB on 8/26/2022

**PRODUCT**

Debt collection

**ISSUE**

False statements or representation

### We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

**YOUR COMPLAINT**

Arbor Professional Solutions is violating federal laws and have sent me a billing statement with billing errors, see attached documents.

View full complaint ⊕

**ATTACHMENTS**

Arbor scanned docs.pdf (4.3 MB)

## Sent to company

**STATUS**

Sent to company on 8/26/2022

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

## Company responded

**STATUS**

Company responded on 9/7/2022

**RESPONSE TYPE**

Closed with explanation

### Company's Response

Mr. Branden Trapp 12235 Wilshire Dr. Detroit, MI 48213 September 7, 2022 In re: Consumer Financial Protection Bureau Complaint 220826-9297368 Dear Mr. Trapp, I received the complaint you filed with the Consumer Financial Protection Bureau wherein you assert a number of violations were committed by Arbor Professional Solutions, Inc. ("APS"). I must admit that I am a little confused by some of your assertions as there are several violations that do not seem to fit the circumstances. I would like to take this time to present some facts that I believe will clear up matters. On November 22, 2020 the Michigan State Police requested Troy's Towing tow a 2009 Chevrolet from eastbound I-94 at Van Dyke. Records obtained from the Michigan Secretary of State showed the 2009 Chevrolet registered to you. The Secretary of State mailed out a notice to the address of record which was 12235 Wilshire Dr. Detroit, MI 48213. When you did not pick up the vehicle from Troy's Towing, the vehicle was sold at auction. The amount you owe to Troy's Towing for the towing and storage charges minus the amount it obtained from the sale of the vehicle is $685.00. The past due balance of $685.00 was sent to APS on March 3, 2021 and a letter was mailed out to you at the Wilshire address. This letter contained

**ATTACHMENTS**

trapp.pdf (48.9 KB)

trapp cfpb 220826-9297368.pdf (190.3 KB)

**Branden L. Trapp, consumer, obligor In fact.**
**12235 Wilshire Dr.**
**Detroit, M I 48213**

**BY CFPB Complaint**
**August 26ᵗʰ, 2022**

**Dear, Arbor Professional Solutions**

**NOTICE TO ALL**
**STATEMENT OF FACTS**
**(CONSUMER CREDIT PROTECTION ACT)**

To Whom It May Concern:

    I, Branden L Trapp, come in good faith to exercise my rights pursuant to the Truth In Lending Act ("TILA") 15 U.S.C § 1601 et seq., The Fair Debt Collection Practice Act ("FDCPA") 15 U.S.C § 1692 et seq., and The Fair Credit Reporting Act ("FCRA") 15 U.S.C § 1681 et seq.;

**HOWEVER,** I have come to notice a billing error & Federal Violations committed by Arbor Professional Solutions, upon me, Branden L. Trapp now present:

**COUNT 1 (15 U.S.C § 1666)**

**WHEREAS,** Pursuant to 15 U.S.C § 1666 (CORRECTION OF BILLING ERROR) – (a) (1) set forth enable Arbor Professional Solutions, to identify the name and account number of the obligor;

(2) this billing statement contains a billing error, and the amount of the billing error is $ 685.00 (see attachment labeled "A"), and

(3) my reason to believe this billing statement contains a billing error is because it reflects a positive balance.

Pursuant to 15 U.S.C § 1666d – Whenever, a credit balance in excess of $1 is created in connection with a consumer credit transaction through (1) transmittal of funds to a creditor in excess of the total balance due on an account, (2) rebates of unearned finance charges or insurance premiums, or (3) amounts otherwise owed to or held for the benefit of an obligor, the credit **SHALL –**

- (A) Credit the amount of the credit balance to the consumer's account;
- (B) Refund the full amount of the remaining credit balance back to me, (this is my request).
- (C) I demand, Arbor Professional Solutions, in good faith effort to refund me by cash, check, or money order any part of the amount of credit balance remaining in the account for more than six months, send refund to mailing address list above for the consumer.

## COUNT 2 (15 U.S.C. § 1637)

Arbor Professional Solutions, willfully & knowingly failed to disclose a statement, in a form prescribed by regulation of the Bureau of the protection before the opening of this account that is a violation of 15 U.S.C.§ 1637 (a) (7).

## COUNT 3 "FDCPA" (15 U.S.C § 1692)

Pursuant to 15 U.S.C § 1692b (2), Arbor Professional Solutions, is willfully in violation (see attachment labeled "A" and "B")

Pursuant to 15 U.S.C § 1692b (5), Arbor Professional Solutions, is willfully in violation (see attachment labeled "A" and "B")

Pursuant to 15 U.S.C § 1692e (2) (A), Arbor Professional Solutions, is willfully in violation (see attachment labeled "A" and "B")

Pursuant to 15 U.S.C § 1692f (1), Arbor Professional Solutions, is willfully in violation (see attachment labeled "A" and "B")

Pursuant to 15 U.S.C § 1692d (2), Arbor Professional Solutions, is willfully in violation (see attachment labeled "A" and "B")

Pursuant to 15 U.S.C § 1692e (11), Arbor Professional Solutions, is willfully in violation (see attachment labeled "A" and "B")

Pursuant to 15 U.S.C § 1692e (10), Arbor Professional Solutions, is willfully in violation (see attachment labeled "A" and "B")

Pursuant to 15 U.S.C § 1692j, Arbor Professional Solutions, is willfully in violation (see attachment labeled "A" and "B")

## COUNT 4 "FCRA" (15 U.S.C § 1681)

Arbor Professional Solutions, are willfully breaching the right to privacy and that is a violation Pursuant to 15 U.S.C § 1681 (a) (4), (see attachment labeled "A")

## COUNT 5 Civil & Criminal liability

Pursuant to 15 U.S.C § 1611 – Arbor Professional Solutions, is Criminal Liability for willful and knowing violation.

Pursuant to 15 U.S.C § 1692k – Arbor Professional Solutions, is Civilly Liable.

Pursuant to 15 U.S.C § 1681n – Arbor Professional Solutions, is Civilly liable for will ful noncompliance.

Pursuant to 15 U.S.C § 1681o – Arbor Professional Solutions, is Civilly liable for negligent noncompliance.

Respectfully request from Sir/Madam, repond with in 10 days of receiving this notice.

Thank you,

      I swear to all information provided herein, I do so under the penalty of perjury that the information I so affirm to be true, correct, accurate to the best of my ability and knowledge, so be it.

*Branden L Trapp*
*Done in good faith*
*All rights reserved*

Exhibit

Attachment labeled "B"

## Volations

2. Billing errors – 15 U.S.C 1666

2. 15 U.S.C 1692b(2)
2. 15 USC 1692f(1)
2. 15 U.S.C 1692e(2)(A)
5. 15 U.SC 1692d(2)
9. 15 U.SC.1692b(5)
1. 15 U.SC 1692e(11)
1. 15 U.S.C 1692e(10)
1. 15 U.S.C 1692j
1. 15 U.S.C. 1681~~~~(a)(4)
1. 15 U.S.C 1637(a)(7)

2090 S. Main St
Ann Arbor, MI 48103-5827

*This whole notice is a violation of 15USC1692e(a)*
*(1- 15USC1692e(10)*
*- 15USC1692j*

August 25, 2021

| VISA | MasterCard | Discover | American Express® |

CARD NUMBER

SIGNATURE

CVC CODE (on back of card)

EXP. DATE

*Violation 15USC1692f(1)*
*Violation 15USC1692f*

**ARBOR ACCOUNT NUMBER**
210620770

**STATEMENT DATE**
August 25, 2021

BALANCE DUE $685.00

AMOUNT PAID $

*Violation 15USC1692d(2)*

▼ **MAKE CHECKS PAYABLE TO:** ▼

*Violation 15USC1692e(2)(A)*

Branden L Trapp
12235 Wilshire Dr
Detroit, MI 48213-1771

*Billing error 15usc1666*

Arbor Professional Solutions
2090 S. Main St
Ann Arbor, MI 48103-5827

*Violation of my right to privacy 15USC1681b (a)(F)*

*15USC1692b(5)*

*Violation 15USC1692d(2)*

*Violation 15USC1692d(5)*   *Violation 15USC1692d(5)*

---

***Detach Upper Portion And Return With Payment***

**Past Due Balance**

| Creditor Name | Creditor Account Number | Date of Service | Balance Due |
|---|---|---|---|
| TROY'S TOWING, INC | 55713 | 11/22/20 | $685.00 |
| | | Total Balance Due | $685.00 |

*Violation 15USC1692d(5)*   *Violation 15USC1692d(2)*

*Violation 15USC1692d(2)*

*Balance Due Violation 15USC1692e(2)(A)*

*Billing error 15 usc 1666*

*Violation 15USC1692f(1)*

From: Arbor Professional Solutions

**Contact our office at once!**

*Violation 15USC1692b(5)*

Let's work toward a friendly solution!

Telephone: (800) 741-6955

Telephone hours are Eastern Standard Time:
    8:30 AM - 5:00 PM Mon. - Thur.
    8:00 AM - 4:00 PM Fri.
    8:30 AM - Noon 3rd Saturday of the Month

*Violation 15USC1692e(11)*

This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

**Easily pay with your Check, Visa, MasterCard, Discover, or American Express**
**by phone (800) 741-6955 or online at payarbor.com**

*Violation 15USC1692b(5)*

*Violation 15USC1692d(2)*

*Violation 15USC1692b(5)*

*Violation 15USC1692b(5)*

*Violation 15USC1692b(5)*

# Arbor
### PROFESSIONAL SOLUTIONS

*Violation 15USC1692d(5)*

MEMBER
ACA
INTERNATIONAL
The Association of Credit and Collection Professionals

*Attachment Labeled Exhibit "B"*

Arbor Professional Solutions ♦ 2090 S. Main St ♦ Ann Arbor, MI 48103-5827 ♦ (800) 741-6955

ARPS / LTL02 / 908001357767 / 73 / 0000073 / Page 1 of 1

Case no. 222 – 12684
Hon. Mark A. Goldsmith
Magistrate Judge: Curtis Ivy, Jr.

## EXHIBIT C

**Attached is a "copy" of the Defendant response including an itemized statement from another organization.**



2090 S. MAIN STREET  |  ANN ARBOR, MI 48103
800.741.6955  |  arborps.com

Mr. Branden Trapp
12235 Wilshire Dr.
Detroit, MI 48213

September 7, 2022

In re: Consumer Financial Protection Bureau Complaint 220826-9297368

Dear Mr. Trapp,

I received the complaint you filed with the Consumer Financial Protection Bureau wherein you assert a number of violations were committed by Arbor Professional Solutions, Inc. ("APS"). I must admit that I am a little confused by some of your assertions as there are several violations that do not seem to fit the circumstances. I would like to take this time to present some facts that I believe will clear up matters.

On November 22, 2020 the Michigan State Police requested Troy's Towing tow a 2009 Chevrolet from eastbound I-94 at Van Dyke. Records obtained from the Michigan Secretary of State showed the 2009 Chevrolet registered to you. The Secretary of State mailed out a notice to the address of record which was 12235 Wilshire Dr. Detroit, MI 48213. When you did not pick up the vehicle from Troy's Towing, the vehicle was sold at auction. The amount you owe to Troy's Towing for the towing and storage charges minus the amount it obtained from the sale of the vehicle is $685.00.

The past due balance of $685.00 was sent to APS on March 3, 2021 and a letter was mailed out to you at the Wilshire address. This letter contained all the required disclosures. A second letter was mailed to you on August 25, 2021. You did not respond to any of our attempts to get a hold of you until you filed this Complaint.

There remains an unpaid balance of $685.00 as of the date of this response. I have attached a copy of the itemized statement as well as the Abandoned Vehicle – Bill of Sale showing you as the registered owner of the towed vehicle. I hope that these documents provide you with enough detail to show what the balance is for and why you are responsible for the unpaid balance.

Should you have any additional questions or would like to discuss a payment arrangement, please do not hesitate to reach out to me.

Respectfully,

*T J Old*

Thomas Oldani, President
Arbor Professional Solutions, Inc.
2090 S. Main St.
Ann Arbor, MI 48103
Phone: (800) 741-6955

Exhibit 4

*A Positive Approach to Debt Recovery*

This communication is from a debt collector. This is an attempt to collect a debt. Any information may be used for that purpose.

Michigan Department of State
## ABANDONED VEHICLE/VESSEL - BILL OF SALE
**Please note:  Vehicle includes motor vehicles, ORVs, and snowmobiles.  Vessel includes watercraft.**



> The owner of record as kept by the Secretary of State of the vehicle/vessel may request a hearing with the named
> court to contest whether the vehicle/vessel was properly removed or deemed abandoned, or whether the towing and
> storage fees are reasonable, by filing a petition within 20 days of the date of this notice unless the vehicle/vessel is
> determined to be an unregistered, abandoned, scrap vehicle/vessel.

|  |  |
|---|---|
| Date of Notice | 12/02/2020 |
| Complaint Number | 22-8802-20 |

| | |
|---|---|
| MSP METRO SOUTH POST | Court Name   36TH DISTRICT COURT |
| 12111 S TELEGRAPH RD | Court Address   421 MADISON ST 2ND FLOOR |
| TAYLOR MI 48180 | DETROIT MI 48226 |

**Notice to Law Enforcement Agency:**
Our records indicate that the law enforcement agency above notified the Secretary of State through LEIN of the abandoned
vehicle/vessel listed below.  On the date of this notice, the Secretary of State sent an Abandoned Vehicle/Vessel Notice to the
owner of record as kept by the Secretary of State and to the secured parties on record.

The back of this form may be used as a Bill of Sale following an auction.  Please make a copy of this notice for the law
enforcement agency's records, if needed.  Once the vehicle/vessel has been disposed (claimed and redeemed by the owner,
sold, released to the towing agency, custodian or a governmental unit, or scrapped), please enter the disposition of the
vehicle/vessel through LEIN.
Michigan law [MCL 257.252g(2) and Sections 80130k(2), 81151, and 82161 2014 PA 549] provides that the money received
from the public sale of a vehicle or vessel be applied in the following order of priority:
- Towing and storage charges
- Expenses incurred by the police agency or custodian
- Payment of the $40 abandoned fee, to be disbursed as follows:
  - Remit $25 to State of Michigan
  - Remit the remaining $15 of the abandoned fee to the towing agency.
- Any extra money shall be sent to the Michigan Department of Treasury's unclaimed property division

**Vehicle Information:**

| Year | Make | VIN/HIN/Serial Number | Model and Body Style |
|---|---|---|---|
| 2009 | CHEVROLET | 1G1ZH57B69F255713 | 4D |

**Owner Name and Address:**
BRANDEN LAVAR TRAPP
12235 WILSHIRE DR
DETROIT MI 48213-1771

**First Secured Party Name and Address:**


**Second Secured Party Name and Address:**


**Law Enforcement Agency Name and Address:**
MSP METRO SOUTH POST
12111 S TELEGRAPH RD
TAYLOR MI 48180

**Date Vehicle/Vessel Taken Into Custody and Approximate Location From Which It was Taken Into Custody:**
11/22/2020   E I 94 / VAN DYKE     DETROIT

**Custodian-Location Where Vehicle/Vessel is Held:**
TROYS TOWING INC
9615 GRINNELL
DETROIT MI 48213

002072889700700101
Bill of Sale - Front

TR-52L (Rev. 10/19)

# Troy's Towing 2019
## Collection Details Report

Printed:   24-Feb-2021

**Owner:**
Branden Trapp
12235 Wilshire Dr
Detroit, Michigan    48213-1771

**Call #:**      148288

| | | | |
|---|---|---|---|
| **Incident #:** | 22-8802-20 | **Date:** | 22-Nov-2020 |
| **Authorization:** | NA | **Time:** | 9:26 PM |

| | | | |
|---|---|---|---|
| **Location:** | Eb 94 E Of Chene | **Reason:** | Accident |
| **Destination:** | 9615 Grinnell | **Zone:** | Police Call |
| **Comments:** | 4 vehicle accident | | |

| | |
|---|---|
| **Vehicle:** | 2009 Chevrolet Malibu 1Lt  (Black) |
| **VIN:** | 1G1ZH57B69F255713 |
| **Plate:** | EHG1236 |
| **State/Prov:** | Michigan |
| **Odometer:** | |

| | | | |
|---|---|---|---|
| **Invoice #:** | MSP6956 | **Storage:** | Outdoor Storage (Msp) |
| **In Storage:** | 22-Nov-2020  10:40 PM | **Location:** | Lot 1 9615 Grinnell |
| **Period:** | 68 Days | **Lot:** | 9615 Grinnell, Lot 1 |
| | | **Key:** | NO |

| | |
|---|---|
| **Sold:** | 28-Jan-2021 |
| **Auction/Buyer:** | Ryan's Auto Parts (D) |
| **Notes:** | Ryan Auto Parts Detroit |

| | | |
|---|---|---|
| **Services:** | | 285.00 |
| **Storage:** | | 1,000.00 |
| **Lien Fees:** | | 0.00 |
| **Taxes:** | | 0.00 |
| **Total:** | $ | 1,285.00 |
| **LESS: Payments** | | 0.00 |
| **LESS: Recovery** | | 600.00 |
| **Balance Owing:** | $ | 685.00 |

*InTow Manager*

**Case no. 222 – 12684**
**Hon. Mark A. Goldsmith**
**Magistrate Judge: Curtis Ivy, Jr.**

## EXHIBIT D

**Attached is proof of the notice of default.**

 **cfp'** Consumer Financial
Protection Bureau
**(https://www.consumerfinance.gov/)**

**Start a new complaint**

---

❮ All complaints (.)

# 220907-9359014

**CLOSED**

✓ **Submitted**

**STATUS**
Submitted to the CFPB on 9/7/2022

**PRODUCT**
Debt collection

**ISSUE**
Attempts to collect debt not owed

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

I have new and updated information regarding the response for the complaint number 220826-9297368,
The President of Arbor Professional Solutions, Thomas Oldani, defaulted with his response to handle
the disputed alleged debt that was sent in the initial complaint, in addition to, I called Mr. Oldani twice
to ask questions regarding this alleged debt and how did this debt collector obtain my personal private
information (my address) and he hung up the phone once I made him aware that the conversation was
being recorded. Mr Oldani failed to handle this matter by writing and by phone communication. I never
gave this company consent to have my private information, that is a violation of the 1974 privacy act.

**ATTACHMENTS**
Arbor scrren shoot.png (56.2 KB)

Exhibit 

Case no. 222 – 12684
Hon. Mark A. Goldsmith
Magistrate Judge: Curtis Ivy, Jr.

**EXHIBIT E**

Attached is a response from the Defendant proving the Plaintiff doesn't owe the Defendant.

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

## Company responded

**STATUS**

Company responded on 9/21/2022

**RESPONSE TYPE**

Closed with explanation

## Company's Response

Branden Lavar Trapp 12235 Wilshire Dr. Detroit, MI 48213 September 16, 2022 In re: Consumer Financial Protection Bureau Complaint 220907-9359014 Dear Mr. Trapp, I received the second complaint you filed with the CFPB in which you state Arbor Professional Solutions, Inc. ("APS") did not appropriately respond to your requests for information and refused to answer your questions. I would like to dispute your assertion as it is inaccurate. I advised you that you did not have permission to record the telephone conversations and asked that you communicate with us in writing. I did not refuse to communicate with you. I merely provided you with an alternative method of communication that was more appropriate under the circumstances. I would like to point out APS provided you with the proper verification documentation in our response to the first complaint. You chose not to discuss the underlying debt or your obligation to pay for services rendered when you telephoned our office. You have not disputed the fact you were the registered owner of the vehicle in question at any time or any communications you have had with APS. I would have been more than happy to discuss your collection account, but that is not what you wanted to talk about. Due to the disputed nature of this past due account and with the permission from the creditor, Troy's Towing, your account has been forwarded to an attorney so that this matter may be decided in Court. The attorney will be in contact with you. Respectfully, Thomas Oldani, President Arbor Professional Solutions, Inc. 2090 S. Main St. Ann Arbor, MI 48103 This communication is from a debt collector, This is an attempt to collect a debt, any information obtained may be used for that purpose.

**ATTACHMENTS**

trapp cfpb 220907-9359014.pdf (196.6 KB)



Exhibit E

## Feedback requested

**STATUS**

**Case no. 222 – 12684**
**Hon. Mark A. Goldsmith**
**Magistrate Judge: Curtis Ivy, Jr.**

**<u>EXHIBIT F</u>**

**Attached is proof of the Cease Notice of Dispute that was sent to the Defendant.**

TIME SENSITIVE DOCUMENT
ESTOPPEL CONDITIONS APPLY

Branden Lavar Trapp
12235 Wilshire Dr.
Detroit, Michigan 48213

Arbor Professional Solutions
2090 S. Main St.
Ann Abor, MI 48103
BY: Consumer Financial Protection Bureau Complaint
10/17/2022

### OFFICE FOUND

Within the universal maxim of law "notice to agent is notice to principal and notice to principal is notice to agent". All addressed parties Jointly and Severally as well as their Successors, Nominees, and assigns.

### (NOTICE OF DISPUTE)

**Account # 55713**

**Subject:** Cease Alleged Debt Collection Immediately!

Dear, Arbor Professional Solutions

       This letter serves as legal notice to the above listed company to IMMEDIATEDLY CEASE all contact, communication, and action regarding the collection of this alleged debt and all related matters.

- **My claim,**
  1. The debt collector lacks standing to collect the alleged debt.
  2. The debt collector does not own the alleged debt.
  3. The debt collector is an uninterested party.
  4. I did not receive the ORIGINAL copy of the alleged credit/loan agreement from the debt collector.
  5. The debt collector is not in possession of nor control of ORIGINAL documents or witness needed to prove the alleged debt.
  6. The debt collector is in violation of the Fair Debt Collection Practices Act, thereafter "FDCPA", which is a strict liability law.
  7. Every attempted contact in violation of the FDCPA will constitute harassment which will subject your corporation, board, President, employees, and all related agents' statutory damages for each individual action.

- **MY DEMANDS:**
  8. Pursuant to the FDCPA I demand that you, your company, and any other uninterested party as it relates to this alleged debt terminate all further communication and collection with me, including communications and collection via telephone, email, fax, social media.
  9. ONLY COMMUNICATION ACCEPTED IS BY RESPONDING TO THIS CFPB (Consumer Financial Protection Bureau) complaint within 5(five) days of receiving the complaint/notice of dispute.

**FAILURE TO CEASE, I WILL ENFORCE MY LEGAL RIGHTS TO THE FULL EXTENT OF THE LAW. Be advised that this letter service as notice that I will be using all responses as a means to document and protect my legal rights. Any further communication attempts will be RECORDED without further notice.**

This legally binding, sworn document was sent via CFPB complaint portal as means to confirm my identity and place all parties on notice. Sworn to all information provided herein, I do so under the penalty of perjury that this information I affirm to be true, correct, accurate to the best of my ability and knowledge, so be it.

Thank you,
Trapp: Branden-Lavar., Beneficiary
All Rights Reserved

**Case no. 222 – 12684**
**Hon. Mark A. Goldsmith**
**Magistrate Judge: Curtis Ivy, Jr.**

## EXHIBIT G

**Attached is proof of the Defendant working in cahoots with the creditor to coerce payment.**



2090 S. MAIN STREET  |  ANN ARBOR, MI 48103
800.741.6955  |  arborps.com

Branden Lavar Trapp
12235 Wilshire Dr.
Detroit, MI 48213

October 25, 2022

In re: Consumer Financial Protection Bureau Complaint 221017-9588063

Dear Mr. Trapp,

I received the Third Complaint you filed with the Consumer Financial Protection Bureau ("CFPB").  We have responded appropriately to the first two Complaints and you make no new allegations in this third filing.  Your file was already marked in dispute and was already in a cease communication status prior to Arbor Professional Solutions, Inc. receiving this Third Complaint.  I advised you in my Answer to the Second Complaint that the creditor, Troy's Towing, has authorized the past due balance to be moved forward to litigation.  This matter will now be decided in court.  All further communications will come from the Court or the attorney representing Troy's Towing.

Sincerely,

Thomas Oldani, President
Arbor Professional Solutions, Inc.
2090 S. Main St.
Ann Arbor, MI 48103

*A Positive Approach to Debt Recovery*

This communication is from a debt collector.  This is an attempt to collect a debt.  Any information may be used for that purpose.

Case no. 222 – 12684
Hon. Mark A. Goldsmith
Magistrate Judge: Curtis Ivy, Jr.

**EXHIBIT H**

**Attached is proof of the Notice letter of intent to sue, including an Affidavit of facts, Unfiled U.S District Court complaint, invoice.**

# NOTICE LETTER OF INTENT TO SUE

Branden Trapp
12235 Wilshire Dr.
Detroit, MI 48213
Branden.trapp@gmail.com

Effective Date: 10/25/2022

**RE: Notice of Intent to File Lawsuit**

Dear, Thomas Oldani, President of Arbor Professional Solutions, Inc,

This letter of intent to sue shall serve as a formal notice that Branden Trapp intends to commence a lawsuit against you due to the following: Violation of the Fair Debt Collection Practices Act

**I. The Plaintiff.** Branden Trapp (the "Plaintiff").

**II. The Defendant.** Arbor Professional Solutions, Inc, Thomas Oldani (the "Defendant(s)").

**III. Settlement Demand.** As a result of your actions, the Plaintiff seeks relief in the form of:

      ☒ - Payment in the amount of FIFTY Thousand Dollars ($50,000) for actual damage.

      ☒ - Other: Cease collection of alleged debt.

This offer to cure and/or settle this matter outside of court and avoid a lawsuit is valid for 7 days from the Effective Date.

**IV. Governing Law.** This Letter of Intent shall be governed under the Federal Law of the United States pursuant to 15 U.S.C 1692k (d) and 15 U.S.C 1692n.

I demand the attached invoice to be paid to Branden Trapp at the address listed above no later than 08:00 postmeridian est. on 11/01/2022 or Branden Trapp will be forced to file the attach US District Court Complaint with the clerk's office on 11/02/2022.

Sincerely,

*Trapp Branden*

**Enclosures:** 1. Affidavit of Facts. 2. US District Court Complaint. 3. Invoice. 5. 7(seven) Exhibits.

Sent By: CFPB Complaint,
USPS Certified Mail – 7022 0410 0000 1082 6106

*Exhibit H*

OFFICE FOUND

| | |
|---|---|
| **Branden Trapp**<br>**12235 Wilshire Dr.**<br>**Detroit, MI 48213**<br>**Branden.trapp@gmail.com**<br><br>**vs**<br><br>**Arbor Professional Solutions, Inc,**<br>**Thomas Oldani**<br>**2090 S. Main St.**<br>**Ann Arbor, MI 48103** | **10/25/2022**<br>**BY: CFPB Complaint,**<br>**USPS CERT. Mail: 7022 0410 0000 1082 6106** |

Within the universal maxim of the law "notice to agent is notice to principal and notice to principal is notice to agent'. All addressed parties Jointly and Severally as well as their Successors, Nominees, and assigns.

## AFFIDAVIT OF FACTS

Come now Branden Trapp, I am a natural person, consumer, I have been appointed and accept being the executor both private and public for all matters proceeding, and I hereby claim that I will d/b/a BRANDEN, TRAPP and autograph as agent, so be it.

**WHEREAS**, I am of age of majority, give this herein notice to all, I make solemn oath to the one and only most high of creation only, whoever that may be, I depose the following **FACTS** that Arbor Professional Solutions, Inc hereafter "APS" have violated title 15 United States Code § 1692 et seq. (Fair Debt Collection Practices Act), thereafter "FDCPA", now present:

Fact APS is willfully in violation of the FDCPA pursuant to 15 U.S.C 1692g see attached "Exhibit A". Congress makes it clear that within five days after the initial communication with the consumer in connection with the collection of any debt, a debt collector shall send the consumer a written notice containing § 809 (3), (4), and (5).

Fact APS is willfully in violation of the FDCPA pursuant to 15 U.S.C 1692c (a) see attached "Exhibit A". Consumer never given prior consent directly to APS neither do APS has the express permission of a court of competent jurisdiction to communicate with the consumer in connection with the collection of any debt.

Fact APS is willfully in violation of the FDCPA pursuant to 15 U.S.C 1692b (2) see attached "Exhibit A".

Fact APS is willfully in violation of the FDCPA pursuant to 15 U.S.C 1692f (1) see attached "Exhibit A". Congress makes it clear a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt and the behavior to collect any amount is a violation.

Fact APS is willfully in violation of the FDCPA pursuant to 15 U.S.C 1692e (2) (A) see attached "Exhibit A". Congress makes it clear a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt and the behavior of false representation of the amount is a violation.

Fact APS is willfully in violation of the FDCPA pursuant to 15 U.S.C 1692d (2) see attached "Exhibit A, D, and F".

Fact APS is willfully in violation of the FDCPA pursuant to 15 U.S.C 1692b (5) see attached "Exhibit A".

Fact APS is willfully in violation of the FDCPA pursuant to 15 U.S.C 1692e (10) see attached "Exhibit A".

Fact APS is willfully in violation of the FDCPA pursuant to 15 U.S.C 1692j see attached "Exhibit A". Congress makes it clear that a 3rd party debt collector compiling any form to create the false belief in a consumer that they owe something when they are not. Attempting to collect is a violation.

Fact pursuant to 15 USC § 1692n FDCPA govern state(s) law of debt collection practices, unless state laws give better protection to the consumer than federal law.

*Exhibit H*

**THIS AFFIDAVIT HAS TO BE REBUTTED LINE BY LINE WITH AN AFFIDAVIT OR SWORN STATEMENT UNDER THE PENALTY OF PERJURY, ANY PARTIAL RESPONSE IS NOT ACCEPTED AND TAKEN AS A NON-RESPONSE.**

The undersigned respectfully request from you Sir/Madam, reply within 7 days in providing the requested response.

Thank you,

     I swear to all information provided herein, I do so under the penalty of perjury that the information I so affirm to be true, correct, accurate to the best of my ability and knowledge, so be it;

I do not accept this offer to contract.
I do not consent to these proceedings.
I do require subrogation of the bond to settle the charge.

     On the date of 10|20|2022, Branden Lavar Trapp, agent, d/b/a BRANDEN LAVAR TRAPP came before me today present as a flesh and blood living being (non-entity/non debtor) under the oath to the most high of creation only and provided the **FACTS** listed herein.

Branden Trapp      Trapp Bun
**Print (Branden Lavar Trapp)**      **Signature**


Sworn to or affirmed by and subscribed before me on the _16_ day of _oct._, year 20 _22_

MORY SY      _Mary Sy_
**(Print) Notary Name**      **Signature**

**Notary Seal:**

MORY SY
Notary Public, State of Michigan
County of Oakland
My Commission Expires 01-02-2026
Acting in the County of Oakland

# Invoice

**From**

**Branden Trapp**

branden.trapp@gmail.com

12235 Wilshire Dr, Detroit, MI, 48213

**For**

**Arbor Professional Solutions, Inc**

2090 S. Main Street, Ann Arbor, MI, 48103

| | |
|---|---|
| Number: | INV1876 |
| Date: | October 25, 2022 |
| Terms: | 7 |
| Due: | November 01,2022 |

| Description | Rate | Qty | Amount |
|---|---|---|---|
| **Civil liability pursuant to 15 USC 1692k.** | $50000 | 1 | $50,000.00 |

*Settlement offer*

| | | |
|---|---|---|
| Subtotal | | $50,000.00 |
| + Tax (0%) | | + $0.00 |
| Total | | $50,000.00 |
| **Balance Due** | | **$50,000.00** |

Notes - ONLY COMMUNICATE WITH ME BY MAIL, EMAIL OR THE CFPB. I DO NOT GIVE THIS DEBT COLLECTOR OR ANY AGENT OR EMPLOYEE CONSENT TO CALL MY PHONE AT ANY TIME.

Sent by: CFPB Complaint and USPS Certified Main NO:
7022 0410 0000 1082 6106

Exhibit H

Case no. 222 – 12684
Hon. Mark A. Goldsmith
Magistrate Judge: Curtis Ivy, Jr.

**EXHIBIT I**

**Attached is proof that Plaintiff suffers from mental anguish of anxiety and depression.**

**TRAPP, Branden (id #177963, dob: 10/12/1991)**

 **WAYNE HEALTH**

Detroit Canfield Health Center
50 E. Canfield
Suite 101S / 101T
Detroit, MI 48201
(p) 313-577-9827
(f) 833-645-0131

Detroit Tolan Park Health Center
3901 Chrysler Drive
Suite 4A
Detroit, MI 48201
(p) 313-966-7601
(f) 833-645-0132

Date: 10/31/2022

RE: Branden Trapp, DOB: 10/12/1991, PT ID #177963

To whom it may concern:

Branden Trapp was seen in our practice on 10/31/2022. During this visit we discussed his severe anxiety and depression, for which he is under treatment.

Sincerely,

Electronically Signed by: GRETCHEN NEWMAN, MD

## **CERTIFICATE OF SERVICE**

I Branden Trapp certify that on ___1/17/23___ I served this Amended
Complaint and Affidavit of Truth and Facts, to the Court Clerk's Office and issued
a copy to the be served by U.S Certified Mail to the Defendants attorneys:

Steven T. Buquicchio (P62076)
Jeffrey D. Koelzer (P78602)

P.O. Box 352
Grand Rapids, MI 49501 – 0352

Dated:                                          By: Branden Trapp

12235 Wilshire Dr.
Detroit, MI 48213
(813) 720-1672
Branden.trapp@gmail.com

Tracking Number:
7016 2070 0000 0247 5198